```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/22/2022
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SYMPHONY INVESTMENT PARTNERS, INC.

                          Plaintiff,

-against-

KEECO LLC, and RICHARD PLATT,

                          Defendants.

**ORDER**

**1:20-CV-9892 (GBD) (KHP)**

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE**

On November 17, 2022, the parties filed a joint letter raising three issues: (1) a dispute regarding the transcript of the most recent Case Management Conference; (2) Plaintiff's renewed request that Defendants produce an unredacted version of the underlying sale agreement; and (3) Plaintiff's request that discovery be reopened for the purpose of conducting limited expert discovery. The Court addresses each issue in turn.

    1. **The Transcript Should Be Corrected**

Plaintiff noted that the transcript of the November 10, 2022 Case Management Conference, filed at ECF No. 89, contains an error. Specifically, the transcript incorrectly indicates that the response on page 13, lines 7-8, was stated by Plaintiff's counsel, Mr. Brickel, when in fact it was stated by counsel for Defendant Keeco LLC, Mr. Brunner. Defendants dispute that Mr. Brunner made the statement in question, however the Court's own notes and recollection, as well as the context of the conversation, all confirm that Plaintiff is correct. Plaintiff is directed to contact the transcription service via the contact information listed on the front page of the transcript to request the revision to the transcript.

1

2. **<u>Defendants Should Produce the Unredacted Sale Agreement</u>**

Plaintiff argues that Defendants should produce an unredacted version of the Agreement for the sale/merger underlying the instant litigation so that Plaintiff can understand the price of the sale/merger at issue. At the November 10, 2022 Case Management Conference, Defendants represented that there was no dispute as to the sale price, but they now argue that the price *is* in dispute, and that it is Plaintiff's duty to "prove" the "material fact" of the sale price. Defendants refuse to provide a stipulation as to the price and refuse to produce an unredacted version of the Agreement, arguing that the agreement is "confidential" and that Plaintiff did not discover this information while discovery was open.

Rule 26(b)(1) of the Federal Rules of Civil Procedure authorizes "discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Defendants admit that the price of the deal at issue is "material" to Plaintiff's case. Accordingly, Plaintiff is entitled to discover the deal price at issue. By **December 8, 2022**, Defendants must either produce an unredacted version of the sale agreement in question, pursuant to a confidentiality agreement with Plaintiff, or alternatively, Defendant shall provide a mutually agreeable stipulation as to the price of the transaction.

3. **<u>Discovery is Reopened for the Limited Purpose of Conducting Expert Discovery</u>**

Plaintiff has requested that discovery be reopened in order to conduct limited expert discovery as to damages. Defendants oppose this request. Defendant Platt argues that reopening discovery will be prejudicial to Defendant Platt, and Defendant Keeco LLC argues that Plaintiff has failed to show good cause for not conducting the necessary discovery sooner.

The decision whether to reopen discovery is within a district court's discretion. *Krawec v. Kiewit Constructors Inc.*, 2013 WL 1104414, at *8 (S.D.N.Y. Mar. 1, 2013); s*ee generally Wills v. Amerada Hess Corp.*, 379 F.3d 32, 41 (2d Cir. 2004) (stating that a district court has "broad discretion to direct and manage the pre-trial discovery process.").

Here, expert discovery is likely to benefit all parties since it will provide the parties with a better sense of the damages at issue, which should facilitate settlement discussions and allow the parties to avoid surprise at trial. Accordingly, Plaintiff's request to reopen discovery for the limited purpose of conducting expert discovery on damages is granted. Plaintiff shall have until **December 12, 2022** to produce its expert report and Defendants shall have until **January 9, 2023** to submit any rebuttal expert reports. Both parties shall have until **January 13, 2023** to complete any expert depositions.

In the event any party seeks an extension of the above deadlines, the parties shall submit a joint letter addressed to the Undersigned stating each party's position on the requested extension. In the event the parties encounter any discovery disputes, they shall similarly submit a joint letter to the Undersigned stating each parties' position and requesting a conference.

**SO ORDERED.**

Dated:   November 22, 2022
            New York, New York

_____
KATHARINE H. PARKER
United States Magistrate Judge

3