USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/18/2023

STEPHEN P. BRUNNER
ATTORNEY AT LAW
115 SANSOME STREET, SUITE 1250
SAN FRANCISCO, CALIFORNIA 94104
(415) 434-3700 *(phone)*
*aba@sonic.net*

May 17, 2023

> By **Tuesday, May 23, 2023**, Plaintiff shall file a letter of no more than three pages stating its position on Defendant Keeco, LLC's motion to reopen discovery.
>
> SO ORDERED:
>
> *Katharine H Parker*
>
> HON. KATHARINE H. PARKER
> UNITED STATES MAGISTRATE JUDGE 5/18/2023

*VIA ECF FILING*

Hon. Katharine H. Parker
United States Magistrate Judge
Southern District of New York
500 Pearl Street, Courtroom 17D
New York, New York 10007

Re: Symphony Investment Partners, Inc. v. Keeco, LLC and Richard Platt,
Case #: 1:20-cv-09892-GBD-KHP

Dear Magistrate Judge Parker:

I represent defendant Keeco, LLC ("Keeco") in this matter.

Keeco is seeking to reopen discovery solely to take the deposition of Steven H. Tishman of Houlihan Lokey Capital, Inc. ("HL"); Keeco expects the deposition to take half a day. Mr. Tishman's name and knowledge figured more prominently than previously disclosed and than expected during the parties' all-day settlement conference on April 4. On April 5, therefore, Keeco's lawyer wrote to plaintiff's lawyer, Jamie M. Brickell, to ask if plaintiff opposed reopening discovery for the deposition of Mr. Tishman. On the same date, plaintiff and Keeco resumed settlement negotiations which lead to their joint request for the renewed participation of this Court. On April 17, Mr. Brickell stated plaintiff's opposition to reopening discovery for the deposition of Mr. Tishman. On May 1, this Court met virtually with Keeco and plaintiff, and their lawyers, in an unsuccessful attempt to settle.

Keeco and plaintiff still are actively negotiating a possible settlement and appear to be close. Keeco expects to respond shortly to plaintiff's most recent settlement demand but because Keeco understands that defendant Richard Platt's dismissal was entered this morning, Keeco felt the need to file this letter motion before your Honor returns this case to Judge Daniels.

Mr. Tishman's personal involvement with Keeco began in the late spring of 2018, and was instrumental in the Keeco/Ellery transaction that closed in September 2018. Mr. Tishman was and is a principal with HL which previously had worked with Keeco's Chairman, William Y. Tauscher. Mr. Tishman was a former college classmate of and is a longtime friend of plaintiff's

Hon. Katharine H. Parker                                                                                          page 2
                                                                                                               May 17, 2023

principal, Paul R. Milone, and a longtime business associate of now-dismissed defendant Richard Platt.

In general, Keeco expects Mr. Tishman's deposition topics to include: Mr. Tishman's knowledge of plaintiff's deal history as itemized in an attachment to the report (since updated) of plaintiff's expert witness; Mr. Tishman's history with plaintiff, Mr. Milone, and Mr. Platt; HL's deal history with Mr. Tauscher's companies other than Keeco; Mr. Tishman's introduction to Keeco's President and CEO, Christopher Grassi; Mr. Tishman's first mention of Ellery; HL's and Mr. Tishman's contacts with and dealings with Ellery's (a) majority stockholder, and (b) investment advisers on the Keeco/Ellery deal; the services and advice for which HL was contracted in contrast to what plaintiff could have provided; HL's Transaction Fee for the Keeco/Ellery deal and apparent related handshake finder's fee agreement with Mr. Platt to which Keeco was not privy; and Mr. Tishman's overall knowledge about the Keeco/Ellery deal for which plaintiff now seeks a broker's fee.

Since the requested discovery will in no way delay these proceedings, and such non-party evidence will assist this Court in assessing liability and damages, there is no prejudice to plaintiff to grant Keeco's request. Keeco respectfully requests that it be given until June 30 (depending on Mr. Tishman's calendar) to begin and conclude Mr. Tishman's deposition.

This Court will recall that Keeco opposed plaintiff's letter motion to reopen discovery for expert depositions, and in part argued that plaintiff failed to show good cause for not conducting plaintiff's expert discovery sooner. This Court's Order (**ECF 92, 11/22/2022**) rejected Keeco's good cause argument and ruled that "whether to reopen discovery is within a district court's discretion", as quoted below:

> Discovery is Reopened for the Limited Purpose of Conducting Expert Discovery: Plaintiff has requested that discovery be reopened in order to conduct limited expert discovery as to damages. Defendants oppose this request. Defendant Platt argues that reopening discovery will be prejudicial to Defendant Platt, and <u>Defendant Keeco LLC argues that Plaintiff has failed to show good cause for not conducting the necessary discovery sooner. The decision whether to reopen discovery is within a district court's discretion. Krawec v.Kiewit Constructors Inc., 2013 WL 1104414, at *8 (S.D.N.Y. Mar. 1, 2013); see generally Willsv.Amerada Hess Corp., 379 F.3d 32, 41 (2d Cir. 2004) (stating that a district court has "broad discretion to direct and manage the pre-trial discovery process."). Here, expert discovery is likely to benefit all parties since it will provide the parties with a better sense of the damages at issue, which should facilitate settlement discussions and allow the parties to avoid surprise at trial. Accordingly, Plaintiff's request to reopen discovery for the limited purpose of conducting expert discovery on damages is granted.</u> Plaintiff shall have until December 12, 2022 to produce its expert report and Defendants shall have until January 9, 2023 to submit any rebuttal expert reports. Both parties shall have until January 13, 2023 to complete any expert depositions.

Hon. Katharine H. Parker <span style="float:right">page 3<br>May 17, 2023</span>

    Mr. Tishman's deposition as a percipient and first-hand witness to many relevant facts, to corroborate and contradict the parties' testimony, is likely to benefit all parties since it will provide the parties with a better sense of the liability and damages at issue, and should facilitate on-going settlement discussions and allow the parties to avoid surprise at trial.

    Accordingly, Keeco respectfully requests that this Court exercise its discretion to reopen discovery for the limited purpose of conducting Mr. Tishman's deposition. Thank you in advance for your attention to these matters.

                                              Respectfully Submitted,

                                              Stephen P. Brunner

cc: Jamie M. Brickell, Esq.